**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGEL GARCIA MIGUEL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,<br><br>Respondent. | No. 4:26-CV-01960<br><br>(Chief Judge Brann) |

# MEMORANDUM OPINION

**SEPTEMBER 1, 2026**

Petitioner Angel Garcia Miguel is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). He is currently detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. Garcia Miguel commenced this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. He seeks immediate release from detention. For the following reasons, the Court will deny Garcia Miguel's Section 2241 petition.

## I. BACKGROUND

Garcia Miguel is a native and citizen of Mexico who entered the United States on an unknown date without admission, inspection, or parole.[1] In 2013, he

---

[1] Doc. 6-2 at 5-6.

was arrested in Monmouth County, New Jersey, for a minor drug offense.[2] The following year, he was turned over to ICE, who served him with a Notice to Appear that charged him as removable under Section 212(a)(6)(A)(i) of the INA (alien present in the United States without being admitted or paroled).[3] He was released on his own recognizance.[4] On September 29, 2016, he filed an I-485 Application to Register for Permanent Residence, which is still pending.[5]

On April 21, 2026, ICE took Garcia Miguel into custody in Bound Brook, New Jersey.[6] He is currently detained at Pike County Correctional Facility. Garcia Miguel lodged the instant *pro se* habeas petition in this Court on July 14, 2026.[7] Respondent timely responded to the petition on August 7, 2026.[8] Garcia Miguel did not file a traverse.

On August 28, 2026, the Court directed Respondent to confirm or deny Garcia Miguel's allegation that he had received a bond hearing before an immigration judge.[9] Respondent timely responded, asserting that Garcia Miguel had requested a bond redetermination hearing but then withdrew that request on May 20, 2026.[10] Garcia Miguel's Section 2241 petition is now ripe for disposition.

---

[2] Doc. 6-2 at 6.
[3] Doc. 6-3 at 3.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Doc. 1.
[8] *See generally* Doc. 6.
[9] *See* Doc. 7.
[10] *See* Doc. 8 at 2; Doc. 8-1 at 8, 23-25.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."[11] Because Garcia Miguel filed the instant petition while he was detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts that his continued detention violates due process, this Court has jurisdiction over his Section 2241 petition.[12]

## III. DISCUSSION

In his Section 2241 petition, Garcia Miguel contends that his detention has become unreasonably prolonged and is thus unlawful.[13] He requests "immediate release" and that he not be transferred to another detention facility while his habeas petition is pending.[14]

Respondent argues, in a lengthy response, that Garcia Miguel is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) and therefore has no right to release on bond.[15] Respondent's argument regarding why Garcia Miguel is detained under Section 1225(b)(2)(A), however, has been repeatedly rejected by

---

11 *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

12 *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Khalil v. President, United States*, 164 F.4th 259, 277-79 (3d Cir. 2026) (holding that detention specific claims, like length and conditions of confinement, do not "arise from" removal proceedings and can be addressed by district courts).

13 Doc. 1 at 7-8.

14 *Id.*

15 *See generally* Doc. 6.

numerous courts within and beyond this district.[16] Indeed, this Court has soundly rejected Respondent's argument on multiple occasions.[17] Most importantly, the United States Court of Appeals for the Third Circuit has recently settled the issue for this circuit. In *Buele Morocho v. Warden Philadelphia FDC*,[18] the Third Circuit held that noncitizens like Garcia Miguel who are already within the United States and not detained at the border are being detained under Section 1226(a); they are not subject to mandatory detention without bond under Section 1225(b)(2)(A).[19] Thus, the Court finds, as it must, that Garcia Miguel is currently being detained pursuant to Section 1226(a) rather than Section 1225(b)(2)(A).

Section 1226(a) of Title 8 of the United States Code provides that "[o]n a warrant issued by the Attorney General, an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States."[20] The relevant implementing regulations state that a detainee under Section 1226(a)

---

16 *See Quispe v. Rose*, 819 F. Supp. 3d 362, 369-72 (M.D. Pa. 2025) (Mehalchick, J.); *Patel v. O'Neil*, No. 3:25-cv-2185, 2025 WL 3516865, at *4-5 (M.D. Pa. Dec. 8, 2025) (Mariani, J.); *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (collecting cases); *Del Cid v. Bondi*, 3:25-cv-00304, 2025 WL 2985150, at *14-17 (W.D. Pa. Oct. 23, 2025); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-56 (7th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69-70 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1266, 1285 (11th Cir. 2026); *Barco Mercado v. Francis*, 811 F.Supp.3d 487, 494-95 (S.D.N.Y. 2025) (collecting 350 cases). *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

17 *See, e.g.*, *Galvez Garcia v. Warden, Pike Cnty. Corr. Facility*, No. 4:26-cv-02159, 2026 WL 2496707, at *1-2 (M.D. Pa. Aug. 25, 2026) (Brann, C.J.); *Tursunov v. Butler*, No. 4:26-cv-00826, 2026 WL 1483741, at *1-2 (M.D. Pa. May 27, 2026) (Brann, C.J.); *Magatte v. Noem*, No. 4:26-cv-00597, 2026 WL 780726, at *1-2 (M.D. Pa. Mar. 19, 2026) (Brann, C.J.).

18 __ F.4th__, __, Nos. 26-1150, 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026).

19 *See id.*, at *1, *7.

20 8 U.S.C. § 1226(a) (emphasis added).

may be released on bond by ICE or by an immigration judge if the detainee "demonstrate[s] . . . that such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding."[21] If a Section 1226(a) detainee is denied release at the initial bond hearing, he may request a custody redetermination hearing before an immigration judge.[22] That request will "be considered only upon a showing that the alien's circumstances have changed materially."[23] Both the initial bond determination and subsequent custody decisions can be appealed to the Board of Immigration Appeals (BIA).[24]

In his habeas petition, Garcia Miguel expressly states that "he does not request[] another bond hearing because bond has already been denied."[25] Instead, he seeks immediate release. Respondent has further clarified that Garcia Miguel has not sought a bond redetermination hearing before an immigration judge as permitted under 8 C.F.R. § 236.1(d)(1). Rather, that motion was filed then withdrawn.

The Court finds that Garcia Miguel has not carried his burden to show that his Section 1226(a) detention violates federal law or the United States Constitution. He has not, for example, alleged or established that his underlying

---

21 8 C.F.R. § 236.1(c)(8).
22 *Id.* § 236.1(d)(1).
23 *Id.* § 1003.19(e).
24 *Id.* § 236.1(d)(3).
25 Doc. 1 at 8.

bond determination was fundamentally unfair or offended the constitution. Nor has he alleged, for instance, that he requested a custody redetermination before an IJ pursuant to the implementing regulations[26] and was denied this procedural protection.

Rather, Garcia Miguel's primary (and in fact only) argument is that the duration of his Section 1226(a) detention—approximately four months—violates his constitutional rights. Yet he "cites no authority, and we can find none, to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."[27]

In sum, Garcia Miguel attests that he has availed himself of as much of the process provided by Section 1226(a) and its implementing regulations as he desires. Bond was initially denied, but he has not sought a custody redetermination hearing before an immigration judge, nor has he appealed any unfavorable custody determination to the BIA. This Court cannot grant Garcia Miguel's habeas petition based solely on the duration of his Section 1226(a) detainment when he has received adequate due process protections,[28] so his Section 2241 petition must be denied.

---

26 *See* 8 C.F.R. § 236.1(d)(1).
27 *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 276-77 (3d Cir. 2018).
28 *See id.*

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Garcia Miguel's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge